**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JERRY P. LUCERO, | ) | CASE NO. ED CV 09-01160 ODW (RZ) |
|---|---|---|
| Petitioner, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS FOR LACK OF |
| WARDEN, KERN VALLEY STATE | ) | JURISDICTION |
| PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

Jerry P. Lucero has filed a successive habeas petition without the required Court of Appeals authorization. This Court lacks jurisdiction to entertain the petition and thus dismisses it without prejudice.

## I.

## APPLICABLE LAW

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

(b)    (1)    A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)    A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)    (i)    the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)    (A)    Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application.

.   .   .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening or "gatekeeping" function for successive petitions from the district court to the court of appeals.  This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals.  *Cooper v. Calderon,* 274 F.3d 1270, 1273-74 (9th Cir. 2001).  The district court therefore either must dismiss a successive petition for lack of jurisdiction or may transfer the action, in the interest of justice, to the court where the action properly could have been brought.  28 U.S.C. § 1631; *Pratt v. United States*, 129 F.3d 54, 57 (9th Cir. 1997).

## II.

### DISCUSSION

Petitioner previously litigated a habeas petition challenging the same April 2000 conviction that he targets in this action.  *See* docket in *Lucero v. Ryan*, C.D. Cal. Case No. ED 04-0503 ODW (RZ).  On August 13, 2008, the Court entered Judgment denying that prior petition on its merits and dismissing the action with prejudice.  *Id.*  Accordingly, the petition in the present action is a second or successive petition.

Petitioner lacks the required Court of Appeals authorization for such a successive petition.  Absent such authorization, this Court lacks jurisdiction.

Accordingly, IT IS ORDERED that the Petition is dismissed.

DATED: July 14, 2009

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE